## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**WESLEY ARMAND**                                          **CIVIL ACTION**

**VERSUS**                                                 **NO.  04-3420**

**LYNN COOPER**                                            **SECTION "K"(4)**

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

## I.    <u>Factual Background</u>

The petitioner, Wesley Armand ("Armand"), is an inmate in the Avoyelles Correctional Center in Kinder, Louisiana.[2]  On November 15, 2000, Armand and a co-defendant, Paula Mixon

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 2.

("Mixon"), were charged by Bill of Information in Jefferson Parish with possession with intent to distribute marijuana.[3]

Armand was brought to trial without a jury on February 12 and 15, 2001.[4] On the second day of his trial, the State also dismissed the charges against the co-defendant Mixon.[5] After presentation of the evidence, Armand withdrew his plea of not guilty and entered a plea of guilty as charged.[6] After waiver of legal delays, he was sentenced to ten years imprisonment to run concurrent with the sentence he was serving on a parole violation.[7]

Armand's conviction became final five days later, on February 20, 2001, because he did not seek timely reconsideration of his sentence or appeal the conviction. *Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five day deadline for filing a notice of appeal under La. Code Crim. P. art. 914[8]).

---

[3]St. Rec. Vol. 1 of 2, Bill of Information, 11/15/00.

[4]St. Rec. Vol. 1 of 2, Motion Hearing Minutes, 2/12/01 (waiver of jury trial); Trial Minutes, 2/15/01.

[5]St. Rec. Vol. 1 of 2, Dismissal of Charges (Mixon), 2/15/01.

[6]St. Rec. Vol. 1 of 2, Trial Minutes, 2/15/01; Plea and Sentencing Minutes, 2/15/01.

[7]St. Rec. Vol. 1 of 2, Plea and Sentencing Minutes, 2/15/01; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights in Entry of a Plea of Guilty, 2/15/01; Plea and Sentencing Transcript, 2/15/01.

[8]At the time of the conviction, La. Code Crim. P. art. 914 required a criminal defendant to move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Article 914 was amended by Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal. The amendment is not relevant here.

## II.  **Procedural Background**

On March 12, 2001, Armand filed an Uniform Application for Post-Conviction Relief in the Trial Court raising three grounds for relief:[9] (1) the trial court failed to rule on Armand's pretrial motion to suppress evidence prior to commencement of the trial; (2) lack of evidence to support the conviction since no drug paraphernalia was seized; and (3) counsel was ineffective for recommending that he proceed to trial without a jury and because petitioner had to do his own research.  The Trial Court denied relief on April 3, 2001, finding no merit to Armand's claims.[10]

Armand filed a Motion for Withdrawal of Guilty Plea on April 25, 2001, in which he argued that his plea was not knowing or voluntary since counsel's advice to proceed to trial by judge was faulty and since counsel failed to advise him that his plea would waive his appeal rights.[11]  The Trial Court denied the motion as meritless on April 30, 2001.[12]

On May 14, 2001, Armand filed an untimely[13] Writ Application with the Louisiana Fifth Circuit Court of Appeal seeking review of the Trial Court's April 3, 2001, ruling.[14]  The Louisiana Fifth Circuit denied the Application on May 17, 2001, finding no error in the Trial Court's ruling.[15]

---

[9]St. Rec. Vol. 1 of 2, Uniform Application for Post Conviction Relief, 3/5/01(signed 3/5/01).

[10]St. Rec. Vol. 1 of 2, Trial Court Order, 4/3/01.

[11]St. Rec. Vol. 1 of 2, Motion for Withdrawal of Guilty Plea, 4/25/01 (signed 4/19/01).

[12]St. Rec. Vol. 1 of 2, Trial Court Order, 4/30/01.

[13]Louisiana law provides a 30 day period to file for review of a trial court's ruling with the circuit court of appeal.  La. App. Rule 4-3; *see also*, La. Code Crim. P. art. 922.

[14]The record does not contain a copy of the Writ Application.  The filing date appears on the face of the court's opinion and has been confirmed with the Clerk of the Louisiana Supreme Court.  St. Rec. Vol. 1 of 2, 5th Cir. Order, 01-KH-524, 5/17/01.

[15]*Id.*

Armand timely filed for review of the Trial Court's April 30, 2001, ruling in the Louisiana Fifth Circuit on June 14, 2001.[16]  The appellate court again found no error in the Trial Court's ruling and denied Armand's Writ Application on June 28, 2001.[17]

Armand mailed an untimely[18] Application for Writ of Supervisory Control to the Louisiana Supreme Court on August 14, 2001, which was filed in that court on August 22, 2001.[19]  In that Application, Armand sought review of denial of relief on the following claims: (1) counsel was ineffective for advising petitioner that he could enter a guilty plea without waiving his right to appeal; (2) the evidence was obtained as the result of an unlawful search and seizure by his parole officer; (3) counsel was ineffective for advising him to proceed to trial without a jury and in advising him that he would retain his right to appeal if he pleaded guilty; (4) the Trial Court erred by participating in the plea negotiations; and (5) insufficient evidence to convict since no drug paraphernalia was seized. On May 24, 2002, the Louisiana Supreme Court denied the Application without reasons.[20]

---

[16]St. Rec. Suppl. Vol. 1 of 1, 5th Cir. Order, 01-KH-651, 6/28/01.  The filing date appears on the face of the court's opinion and has been confirmed with the Clerk of the Louisiana Fifth Circuit.

[17]*Id.*

[18]La. S.Ct. R. X§5provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment.  See *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (postmark date controls under La. S. Ct. Rule X§5); *see also* La. Code Crim. Proc. art. 922(A).  In this case, Armand's Writ Application was postmarked on August 14, 2001, and signed by him on August 12, 2001.  For purposes of the mailbox rule, August 12, 2001, would have been the earliest date he could have presented it to prison officials for mailing.  *See Causey v. Cain*, ___ F.3d ___, 2006 WL 1413490 (5th Cir. May 24, 2006) (the prisoner mailbox rule applies to filings in Louisiana state courts).  Thus, Armand's Writ Application was signed, mailed and filed after the 30-day period provided for in La. S. Ct. Rule X§5 and La. Code Crim. P. art. 922 expired.

[19]St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2001-KH-2407, 8/22/01 (showing postmark of 8/14/01); St. Rec. Suppl. Vol. 1 of 1, La. S.Ct. Writ Application, 01-KH-2407, 8/22/01 (signed 8/12/01).

[20]*State ex rel. Armand v. State*, 816 So.2d 302 (La. 2002); St. Rec. Vol. 1 of 2, La. S. Ct. Order, 2001-KH-2407, 5/24/02.

In the meantime, Armand filed another Motion to Withdraw Guilty Plea in the Trial Court on May 6, 2002.[21] In this motion, he alleged that his counsel wrongly induced him into entering a plea of guilty by telling him that the trial judge was going to find him guilty if he did not enter a plea and that he would receive life imprisonment as a multiple offender. He also filed an Uniform Application for Post Conviction Relief on May 13, 2002, raising this same claim and asserting that counsel was ineffective for misleading him about his exposure to a life sentence.[22] The Trial Court denied both the Motion and the Application on June 7, 2002, finding no merit to the claims.

Armand filed an untimely Writ Application with the Louisiana Fifth Circuit on July 26, 2002.[23] The court denied the Application finding no error in the Trial Court's ruling.[24] He filed a second, untimely application on August 26, 2002, which was denied by the Louisiana Fifth Circuit for the same reason on August 28, 2002.[25]

Over six months later, Armand returned to the Trial Court on March 7, 2003, with another Uniform Application for Post Conviction Relief raising the following claims:[26] (1) counsel was ineffective for (a) failure to obtain a ruling from the Trial Court on the motion to suppress, (b) failure to fully litigate the motion to suppress, and (c) failure to object to the trial court's improper involvement in the plea negotiation; and (2) the plea was unlawfully induced by counsel's

---

[21]St. Rec. Vol. 2 of 2, Motion to Withdraw Guilty Plea, 5/6/02 (signed 4/30/02).

[22]St. Rec. Vol. 1 of 2, Uniform Application for Post Conviction Relief, 5/13/02 (signed 5/3/02).

[23]St. Rec. Vol. 2 of 2, 5th Cir. Order, 02-KH-785, 7/26/02. The filing date appears on the face of the court's opinion and has been confirmed with the Clerk of the Louisiana Fifth Circuit.

[24]*Id*.

[25]St. Rec. Vol. 2 of 2, 5th Cir. Order, 02-KH-880, 8/26/02. The filing date appears on the face of the court's opinion and has been confirmed with the Clerk of the Louisiana Fifth Circuit.

[26]St. Rec. Vol. 2 of 2, Uniform Application for Post Conviction Relief, 3/7/03 (signed 2/18/03).

misinformation about his exposure to a life sentence.  The Trial Court denied relief finding that the first claim was procedurally barred pursuant to La. Code Crim. P. art. 930.4(E) for failure to raise the claim in a prior application and the second claim was repetitive of a previously raised claim.

Five months later, Armand filed yet another Uniform Application for Post Conviction Relief in which he alleged four grounds for relief:[27] (1) counsel was ineffective for (a) failure to obtain a ruling from the Trial Court on the motion to suppress, (b) failure to fully litigate the motion to suppress, (c) failure to object to the trial court's involvement in the plea negotiation, (d) misinforming him about his exposure to a life sentence, and (e) failure to investigate whether one of his prior Texas convictions could have been used as a predicate offense in a multiple bill proceeding against him; (2) the evidence was insufficient to establish that he had intent to distribute; (3) the Trial Court erred by participating in the plea negotiations in violation of Fed. R. Crim. P. 11(e)(1); and (4) the plea was unlawfully induced by the Trial Court's and counsel's misinformation about his exposure to a life sentence.  The Trial Court denied the Application on August 21, 2003, because the Application was repetitive.[28]

Over fourteen months later, on November 4, 2004, Armand filed a Motion to Withdraw Guilty Plea in which he alleged that his plea was invalid because he was misled by his counsel and the Trial Court regarding his potential exposure to a life sentence if he were subject to a multiple bill.[29]  The Trial Court denied the motion as repetitive on November 11, 2004.[30]

---

[27]St. Rec. Vol. 2 of 2, Uniform Application for Post Conviction Relief, 8/8/03 (signed 8/2/03).

[28]St. Rec. Vol. 2 of 2, Trial Court Order, 8/21/03.

[29]St. Rec. Vol. 2 of 2, Motion to Withdraw Guilty Plea, 11/4/04 (signed 10/28/04).

[30]St. Rec. Vol. 2 of 2, Trial Court Order, 11/11/04.

Three months later, on March 1, 2005, Armand sought untimely review in the Louisiana Fifth Circuit of three claims:[31] (1) he was unlawfully induced to plea based on the misrepresentations of counsel regarding the life sentence; (2) counsel was ineffective for failure to investigate the use of the prior Texas conviction as a predicate offense; and (3) the trial court erred by participating in the plea negotiations in violation of Fed. R. Crim. P. 11(e)(1).  The court denied the Application on March 4, 2005 finding no error in the Trial Court's November 11, 2004, ruling.[32]

## III.    Armand's First Federal Petition

Early in his pursuit of state post conviction relief, Armand filed a Petition for Federal Habeas Relief on June 25, 2001,[33] in which he raised five grounds for relief from his conviction:[34] (1) his conviction was obtained by a plea of guilty which was unlawfully induced and not made voluntarily with understanding of the nature of the charge and consequences of the plea; (2) the conviction was obtained through use of evidence obtained pursuant to an unconstitutional search and seizure; (3) counsel was ineffective for advising petitioner that he could still appeal if he entered a plea of guilty; (4) the Trial Court erred by participating in the plea negotiations in violation of Fed. R. Crim. P. 11(e)(1); and (5) the conviction was based on insufficient evidence since no drug paraphernalia was seized.

---

[31]St. Rec. Vol. 2 of 2, 5th Cir. Writ Application, 05-KH-230, 3/1/05 (postmarked 2/23/05, signed 2/21/05).

[32]The record does not contain a copy of this order.  The ruling is referenced by the respondent on page six of the opposition memorandum (Rec. Doc. No. 11) and by Armand on page two of his traverse (Rec. Doc. No. 13).

[33]For purposes of the AEDPA, the petition was deemed filed under the federal mailbox rule on June 25, 2001, when Armand signed it for delivery to prison officials for mailing.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995); *Lara v. Johnson*, 141 F.3d 239, 241 n.2 (5th Cir.), *opinion modified on other grounds*, 149 F.3d 1226 (5th Cir. 1998); *Thompson v. Raspberry*, 993 F.2d 513, 515 (5th Cir. 1993).

[34]Civ. Action No. 01-2332"K"(4), Rec. Doc. No. 1, Petition and Memorandum In Support.  Armand filed supplemental brief on September 24, 2001, and January 24, 2002.  *Id*., Rec. Doc. Nos. 7, 9, 18, and 21.

He was later granted leave to amend his claim to add five other components to his ineffective assistance of counsel claim:[35] (1) counsel failed to move the Trial Court to rule on the Motion to Suppress before the guilty plea; (2) counsel failed to fully litigate the Motion to Suppress; (3) counsel failed to object to the Trial Court's involvement in the plea negotiations; (4) counsel misinformed him that life was the maximum sentence available as a multiple offender which coerced him into entering the plea; and (5) counsel failed to investigate whether a prior conviction could have been used in a multiple offender hearing if he did not plea.

As a result of this amendment, the Court was compelled to dismiss Armand's petition on March 28, 2003, for failure to exhaust state court remedies.[36]  The United States Fifth Circuit Court of Appeals denied his subsequent request for certificate of appealability on September 10, 2003.[37]

## IV.    Armand's Current Federal Petition[38]

On January 3, 2005, Armand filed this Petition for Federal Habeas Corpus Relief in which he seeks relief on the following grounds:[39] (1) the conviction was obtained by a plea of guilty which was unlawfully induced and made due to misinformation about his exposure to a life sentence  and his right to appeal; (2) the conviction was obtained by use of evidence which was obtained through an unlawful search and seizure; (3) counsel was ineffective for misleading him about his exposure

---

[35]Civ. Action No. 01-2332"K"(4), Rec. Doc. Nos. 47, 50.

[36]Civ. Action No. 01-2332"K"(4), Rec. Doc. No. 47, 50, 51.

[37]Civ. Action No. 01-2332"K"(4), Rec. Doc. No. 60 (Appeal No. 03-30443).

[38]The prior petition was dismissed without prejudice for failure to exhaust state court remedies with no adjudication on the merits. Thus, this petition is not a prohibited second or successive one. See Barrientes v. Johnson, 221 F.3d 741 (5th Cir. 2000) (when prior petition is dismissed without prejudice, subsequent filing is not successive) (citing Slack v. McDaniel, 529 U.S. 473 (2000)); see also, Graham v. Johnson, 168 F.3d 762 (5th Cir. 1999). Under the AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

[39]Rec. Doc. No. 2.

to a life sentence and for failure to move the Trial Court to rule on the motion to suppress; (4) the Trial Court erred by participating in the plea negotiations; and (5) the conviction was based on insufficient evidence since no drug paraphernalia was found.

The State filed a Response in Opposition to Armand's federal petition alleging that his petition is not timely filed and that he has still failed to exhaust state court remedies.[40]

In his traverse to the State's opposition, Armand alleges that his untimeliness should be excused in light of his efforts to comply with the exhaustion requirement and because he was transferred through several prisons since his conviction.[41]  Armand also concedes that he did not return to the Louisiana Supreme Court to exhaust his remedies after dismissal of his prior federal petition.

## V.    Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[42] applies to Armand's petition, which is deemed filed in this court under the federal "mailbox rule" on December 8, 2004.[43]

---

[40]Rec. Doc. No. 11.

[41]Rec. Doc. No. 13.

[42]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[43]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Armand's federal habeas petition on January 3, 2005.  Armand dated his signature on the petition with the notation "mailed 12-8-04" next to his signature.  This is considered the earliest date on which it could have been submitted to prison officials for mailing.  The fact that he paid the filing fee on a later date does not alter the application

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State argues that Armand has failed to exhaust state court remedies and that his petition is untimely filed. The Court will first address the issue of exhaustion.

## VI.   Exhaustion Requirement

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly

---

of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)).  "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420).  For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  A prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*

As outlined above, Armand has filed only one Writ Application in the Louisiana Supreme Court in 2001, prior to the filing of his first federal petition for habeas corpus relief.  In that Application, he raised the following claims: (1) counsel was ineffective for advising petitioner that he could enter a guilty plea without waiving his right to appeal; (2) the evidence was obtained as the result of an unlawful search and seizure by his parole officer; (3) counsel was ineffective for advising him to proceed to trial without a jury and in advising him that he would retain his right to appeal if he pleaded guilty; (4) the Trial Court erred by participating in the plea negotiations; and (5) insufficient evidence to convict since no drug paraphernalia was seized.

In the instant federal petition, Armand has raised the following five claims: (1) the conviction was obtained by a plea of guilty which was unlawfully induced and made due to misinformation about his exposure to a life sentence  and his right to appeal; (2) the conviction was obtained by use of evidence which was obtained through an unlawful search and seizure; (3) counsel was ineffective for misleading him about his exposure to a life sentence and for failure to move the Trial Court to rule on the motion to suppress; (4) the Trial Court erred by participating in the plea negotiations; and (5) the conviction was based on insufficient evidence since no drug paraphernalia was found.

11

A comparison of the claims raised in this federal petition and those raised in the Louisiana Supreme Court shows that several of the claims raised to this Court were never presented to the Louisiana Supreme Court for review.  Specifically, in his first claim before this Court, Armand now alleges that his conviction was unlawfully induced because counsel misled him regarding his exposure to a life sentence.  This was not an issue or legal theory presented to the Louisiana Supreme Court.  In his third claim before this Court, Armand now alleges that counsel was ineffective for misinforming him about his exposure to a life sentence.  Again, this theory was not presented to the Louisiana Supreme Court.

These issues, or legal theories, were also presented as unexhausted claims in Armand's first federal petition for habeas corpus relief.  He was informed by this Court's prior orders that the failure to present the claims to the State's highest court would prevent federal habeas review.  In spite of this instruction, he concedes in his traverse that he chose not to return to the Louisiana Supreme Court with these claims because he saw no need to do so.

For the foregoing reasons, the Court finds that Armand has once again failed to exhaust state court remedies as to these two issues.  In light of Armand's concession in his traverse, the record discloses no good cause for his failure to exhaust.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005).  Armand has inundated the state trial and appellate courts with requests seeking review of his conviction.  However, he has made no effort to seek review in the Louisiana Supreme Court.

Normally, the presentation of this mixed petition containing both exhausted and unexhausted claims would require dismissal without prejudice to allow exhaustion, unless Armand withdrew the unexhausted claims.  *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)); *Whitehead*, 157 F.3d at 387.  In his traverse, Armand did in fact request that, if the Court

12

determined that some of his claims were unexhausted, those unexhausted claims be withdrawn and the merits of the remaining claims be considered.

However, in this case, the State has also raised the limitations defense. The Court is therefore required to first examine that defense before it proceeds to the merits of any exhausted claims. For the following reasons, the Court finds that Armand's petition is time barred.

## VII.    <u>Statute of Limitations</u>

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[44]  *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001).  Under the AEDPA, Armand's conviction became final on February 20, 2001, when he did not seek reconsideration of his sentence or file a notice of appeal.  Under the plain language of § 2244, he had until February 20, 2002, to file a timely federal application for habeas corpus relief and he failed to do so.  Thus, literal application of the statute would bar Armand's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

### A.      <u>Statutory Tolling</u>

---

[44]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

    A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

    C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

    D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. § 2244(d).

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). In order for a State post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). The United States Fifth Circuit has clarified its prior opinions and resolved that timeliness in Louisiana, for purposes of the AEDPA, requires application of the prison mailbox rule. *Causey v. Cain*, __ F.3d __, 2006 WL 1413490 at *3-*4 (5th Cir. May 24, 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v. Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being

challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies of documents from the record, like those filed from time to time by petitioner, are not "applications for post-conviction or other collateral review" and therefore do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

In this case, Armand's AEDPA filing period began to run on February 21, 2001, the day after his conviction became final. The filing period ran for 12 days until March 5, 2001, when he signed[45] his first application for post conviction relief, which was filed in the Trial Court on March 12, 2001. The filing period remained tolled as a result of the overlapping of that application, with his subsequently filed Motion to Withdraw Guilty Plea and the two related, and untimely, Writ Applications to the Louisiana Fifth Circuit.[46] The period was therefore tolled until July 28, 2001,

---

[45]His signature date is presumed to be the earliest date on which he could have submitted the pleading to prison officials for purposes of applying the mailbox rule under *Causey*.

[46]*See Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001) (because La. App. R. 4-3 has exceptions, an untimely appellate writ application can toll the one-year statute of limitations period during the time it was actually pending).

which includes the 30-day period he had for seeking further review of the Louisiana Fifth Circuit's June 28, 2001, ruling.

The AEDPA filing period began to run the next day, July 29, 2001, and ran uninterrupted for an additional 275 days, until April 30, 2002, when he signed a Motion to Withdraw Guilty Plea, filed in the Trial Court on May 6, 2002.  This Motion, and his May 13, 2002, Application for Post Conviction relief were denied by the Trial Court on June 7, 2002.  The pleadings therefore remained pending until July 7, 2002, when the period for seeking further review expired.

The AEDPA filing period began to run the next day, July 8, 2002, and did so for an additional 19 days.  Thereafter, on July 26, 2002, Armand filed the first of two untimely Writ Applications with the Louisiana Fifth Circuit.  These Writ Applications remained pending, thus tolling the AEDPA filing period,[47] until September 27, 2002, which was when the 30-day period for seeking review expired as to the Louisiana Fifth Circuit's August 27, 2002, ruling.

The AEDPA filing period began to run again on August 28, 2002, and did so for the remaining 59 days when it expired on November 25, 2002.  Armand had no other properly filed state application for post conviction relief or other collateral review pending during that time period.  His current federal petition is deemed filed on December 8, 2004, over two years after the AEDPA filing period expired.

The Court is aware that Armand signed a Writ Application seeking review in the Louisiana Supreme Court on August 12, 2001.  However, that Application was not properly filed for purposes of the AEDPA tolling doctrine.  The Application was not timely under state law and therefore it did not afford Armand federal tolling consideration for the following reasons.

---

[47]*See Melancon*, 259 F.3d at 405.

The United States Fifth Circuit Court of Appeals has held that a Writ Application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is not properly filed because it is untimely, and post-conviction review is not pending for purposes of AEDPA's statute of limitations and tolling doctrines. *Williams v. Cain*, 217 F.3d at 309-11; *see Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1812 (2005). Rule X§5(a) and (b) require that a Writ Application seeking review of an appellate court ruling be filed or postmarked within 30 days of the issuance of the appellate court's order to be timely. *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 at *1 (5th Cir. Nov. 22, 2005). Furthermore, as noted above, the prisoner mailbox rule also applies to filings in Louisiana state courts. *Causey v. Cain*, ___ F.3d ___, 2006 WL 1413490 (5th Cir. May 24, 2006).

According to the record, the Louisiana Fifth Circuit resolved Armand's June 14, 2001, Writ Application on June 28, 2001. Under Louisiana law, he had until July 28, 2001, to seek further review in the Louisiana Supreme Court. Armand's subsequent Writ Application was not signed for mailing to the Louisiana Supreme Court until August 12, 2001. Thus, his signature date, the August 14, 2001, postmark date, and the August 22, 2001, filing date are all beyond the 30-day period allowed under La. S. Ct. R. X§5 and are considered untimely for federal tolling purposes. Armand is not entitled to any statutory tolling for this pleading.

Furthermore, the record also shows that Armand filed his first federal petition for habeas corpus relief during this same time period, on June 25, 2001. However, the law is well-settled that a federal petition is not a state post-conviction application or other collateral review for purposes of tolling under § 2244. *Duncan v. Walker*, 533 U.S. 167, 181-182 (2001); *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999). Therefore, Armand is not entitled to statutory tolling for the time his first federal petition was pending. *Duncan*, 533 U.S. at 182; *Grooms*, 208 F.3d at 489.

Armand's federal habeas petition is untimely under the statutory tolling calculation above. His petition was filed under the federal mailbox rule on December 8, 2004, over two years after the AEDPA filing period expired on November 25, 2002.  His petition must be dismissed with prejudice as time barred unless he is entitled to equitable tolling of the period so described.

**B.**      **Equitable Tolling**

The doctrine of equitable tolling allows for tolling of the AEDPA's limitation period when the petitioner has been pursuing his rights diligently, and there are rare or extraordinary circumstances preventing timely filing.  *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998), *cert. denied*, 525 U.S. 1091 (1999); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 125 S. Ct. at 1814-15; *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

In this case, the record does not reflect any basis for equitable tolling.  The record does not show the type of extraordinary circumstances which would warrant equitable tolling.

In his traverse, Armand suggests that his petition should be deemed timely because of his efforts to exhaust his claims and because he had been housed in several facilities after his conviction. A review of the records before this Court reflect that Armand has been housed in the Avoyelles Correctional Center since March of 2003, six months before his prior federal petition was resolved.[48]

---

[48]*See e.g.*, Rec. Doc. No. 2, Petition; *see also*, Civ. Action 01-2332"K"(4), Change of Address, Rec. Doc. No. 49.

He has not been transferred since that time.  He has remained in the same facility for over three years.  His suggestion that his transfers have in some way inhibited his ability to timely proceed are rejected.

Furthermore, Armand has not demonstrated any diligence toward exhaustion of his claims.  The record demonstrates that Armand has still failed to exhaust claims presented in the amendments to his first federal petition.  In spite of his many filings in the lower state courts over the years, he has consistently failed to pursue remedies through to the Louisiana Supreme Court.  The appropriate course would have been for Armand to complete state court exhaustion of all claims in a procedurally proper manner and benefit from the statutory tolling provided by the AEDPA.  He did not do so and is not now entitled to equitable tolling for his failings.

The record also shows that he has unnecessarily wasted much of his own time since his conviction.  He consistently submitted untimely pleadings in the state courts.  In fact, as is illustrated *infra*, Armand wasted over 13 months after his first federal petition was concluded before returning to the state courts for substantive review of his unexhausted claims.  He is not entitled to equitable tolling for these delays.

In addition, as was discussed above, Armand also lost significant tolling time because of his untimely Writ Application to the Louisiana Supreme Court and his unexhausted or mixed petition to this federal court.  There is no basis for granting him equitable tolling for these dilatory pursuits.

Nevertheless, in the interest of thoroughness, the Court finds that even if he is granted tolling for the pendency of the Writ Application to the Louisiana Supreme Court and his prior federal petition, Armand's petition is still untimely.

Under this alternative calculation, the AEDPA filing period would begin to run, as stated above, on February 21, 2001, the day after his conviction was final.  It would run for 12 days until March 5, 2001, when he signed his first application for post conviction relief, which was filed in the

19

Trial Court on March 12, 2001.  The filing period would remain tolled as a result of the overlapping of that application, with his subsequently filed Motion to Withdraw Guilty Plea and the two related, and untimely, writ applications to the Louisiana Fifth Circuit.  These filings would also be enveloped into the tolling now assigned as a result of his submission of his first federal petition on June 25, 2001.  The federal petition remained pending until September 10, 2003, when the United States Fifth Circuit denied issuance of a certificate of appealability.

By that time, Armand's August 8, 2003, Application for Post Conviction Relief was pending in the State Trial Court.  The Application remained pending until September 20, 2003, which was 30 days after the Trial Court denied relief on August 21, 2003.

The alternative AEDPA filing period would begin to run again on September 21, 2003.  It would run uninterrupted for 404 days, until October 28, 2004, before Armand signed his next state court pleading, the Motion to Withdraw Guilty Plea filed November 14, 2004.

During that 404-day period, Armand's alternative federal filing period would have expired on September 7, 2004.  Armand's petition is deemed filed under the federal mailbox rule on December 8, 2004, three months after this alternative filing period would have expired.  Therefore, even under this generous alternative calculation, Armand's current petition is not timely filed.

For all of the foregoing reasons, Armand's federal habeas corpus petition, deemed filed on December 8, 2004, was filed over two years after the AEDPA filing period expired on November 25, 2002, as initially calculated above.  His federal habeas petition is untimely and should be dismissed as time barred.

**VIII.   Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Wesley Armand's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _____28th_____ day of _____June_____, 2006.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**